UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDT ALONZO RICE,

          Petitioner,

vs.                          Case No. 2:05-cv-613-FtM-29DNF
                                Case No. 2:93-cr-70-FTM-29DNF

UNITED STATES OF AMERICA,

          Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1), filed on December 22, 2005. Petitioner's sole argument is based on the Apprendi[1]/Booker[2]/Blakely[3] line of cases. More specifically, petitioner argues that enhancements were unconstitutionally applied to his sentence because the enhancements were not charged in the Indictment, admitted by petitioner, or proven to a jury beyond a reasonable doubt. Petitioner further argues that his guilty plea was not voluntary because he was not advised that the sentencing guidelines were unconstitutional or that he was abandoning his right to contest the enhancements by entering a plea agreement.

---

[1]Apprendi v. New Jersey, 530 U.S. 466 (2000).

[2]United States v. Booker, 543 U.S. 220 (2005).

[3]Blakely v. Washington, 542 U.S. 296 (2004).

**I.**

On May 5, 1993, the grand jury returned an Indictment charging petitioner with conspiracy to possess with intent to distribute cocaine base. In a second case, petitioner waived indictment and was charged in an Information with money laundering. On July 7, 1993, petitioner pled guilty to both charges pursuant to a Plea Agreement (Doc. #47). On January 21, 1994, petitioner was sentenced to 120 months imprisonment on the money laundering case and 300 months imprisonment for conspiracy to possess with intent to distribute cocaine base. (Doc. #69).

On July 17, 1996, petitioner filed a Motion for Reduction of Sentence (Doc. #103), pursuant to 18 U.S.C. § 3582(c)(2), to have his sentence reduced under Amendment 505. Effective November 1, 1994, Amendment 505 to the Sentencing Guidelines "capped" the calculation of drug quantities at a level 38 and the Amendment was made retroactive. On October 10, 1996, the Court entered an Order (Doc. #105) granting the motion and reducing the imprisonment from 300 months to 235 months. The Amended Judgment was entered on October 21, 1996. (Doc. #106).

On August 17, 2001, almost five years later, petitioner filed a Motion To Clarify or Correct Order (Doc. #137) alleging that the Court made an inadvertent or clerical error in the Order reducing his sentence, and that his sentence should be further reduced. In an Order (Doc. #141) dated October 1, 2001, the Court denied the

motion. As it related to the issue of a clerical mistake, the Court stated:

> Second, assuming the Court does have jurisdiction, the motion is not well founded. Judge Gagliardi clearly set forth his calculations for the reduction of sentence in his Order, a copy of which is attached hereto for convenience. While defendant prefers a sentence at the low range of the Guideline, Judge Gagliardi imposed a sentence at the high range. Sentencing under a Sentencing Guideline amendment pursuant to § 3582(c)(2) is a matter of discretion, United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997), and that discretion was properly exercised in this case. There is no showing that Judge Gagliardi made either an inadvertent error or a clerical error in the sentence. The Order twice states that defendant's sentence is reduced to 235 months.

(Doc. #141, p. 2). On October 5, 2001, the Court denied petitioner's Motion to Receive Low End of Guidelines finding no jurisdiction, and reconsideration was denied. (See Docs. #143, #146). Petitioner's appeal was dismissed for lack of prosecution. (Doc. #150).

On February 23, 2004, the Court denied petitioner's February 17, 2004 Motion Pursuant to Federal Rule of Criminal Procedure Rule 36 (Docs. #154-155).

**II.**

The first issue is to determine when petitioner's conviction became final. Generally, a conviction becomes final when the time for filing a direct appeal expires. Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir.), cert. denied, 531 U.S. 971 (2000). Because petitioner did not file a direct appeal, his conviction

became final ten days after the January 21, 1994 Judgment. <u>Mederos v. United States</u>, 218 F.3d 1252 (11th Cir. 2000).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one year statute of limitations for § 2255 petitions, became effective April 24, 1996.  The Eleventh Circuit held that a federal prisoner whose conviction became final prior to the effective date of the AEDPA had one year to file a § 2255 motion.  <u>Goodman v. United States</u>, 151 F.3d 1335, 1337-38 (11th Cir. 1998); <u>Jones v. United States</u>, 304 F.3d 1035, 1038 (11th Cir. 2002), <u>cert. denied</u>, 538 U.S. 947 (2003).  This one year time period expired on April 23, 1997, and therefore petitioner's § 2255 motion in this case is untimely.

If the Court were to consider the October 21, 1996, Amended Judgment (Doc. #106), entered pursuant to the October 10, 1996 re-sentencing, as the operative date, his conviction became final on October 31, 1996.  Federal prisoners whose convictions became final after April 24, 1996, the effective date of the AEDPA, have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered

through the exercise of due diligence. 28 U.S.C. §2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

It is clear that petitioner's § 2255 motion was not filed within one year after his conviction became final. Petitioner's conviction became final ten days after the entry of the Amended Judgment on October 31, 1996. Giving petitioner the benefit of the "mailbox rule," Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the §2255 motion filed on December 19, 2005, the date petitioner signed the motion while incarcerated. Even so construed, the §2255 motion was filed more than nine years after the expiration of the statute of limitations.

The second event which may start the statute of limitations is "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed." 28 U.S.C. § 2255. Petitioner identifies no government-imposed impediment to filing his §2255 motion, much less makes a showing that the governmental action was unconstitutional. See Akins, 204 F.3d at 1090-91.

As to the third event, the Eleventh Circuit summarized the required showing in Garcia v. United States, 278 F.3d 1210, 1212-13 (11th Cir.), cert. denied, 537 U.S. 895 (2002). The Supreme Court has not recognized any new right which has been held to apply retroactively to a petitioner whose conviction became final prior to the decision. The fourth event has not been shown to apply to

this case.  Finally, petitioner has not established any basis to find that the limitations period was equitably tolled.  Equitable tolling is appropriate when a motion is untimely filed because of extraordinary circumstances that are both beyond petitioner's control and unavoidable even with diligence.  Jones, 304 F.3d at 1039.  Petitioner has not satisfied his burden in this case.

Because petitioner did not file his motion within one year of any of the four events set forth in §2255, and has not shown any equitable reason to toll the limitations period, his motion is untimely and is therefore time-barred.

**III.**

Even if timely, the Eleventh Circuit has held that even a potentially meritorious Apprendi issue may not be raised on collateral review when the conviction has become final before the Apprendi decision was released on June 26, 2000.  Hamm v. United States, 269 F.3d 1247, 1249-50 (11th Cir. 2001); McCoy v. United States, 266 F.3d 1245, 1257 (11th Cir. 2001); Kaufmann v. United States, 282 F.3d 1336, 1337 (11th Cir. 2002), cert. denied, 123 S. Ct. 287 (2002).  As petitioner's conviction clearly became final well before the release of Apprendi, he may not raise the Apprendi issues in this collateral proceeding.

The Eleventh Circuit has held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on

collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)), cert. denied, 126 S. Ct. 312 (2005).  See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005); United States v. Rodriguez, 406 F.3d 1261, 1280 (11th Cir. 2005)("[n]o circuit, . . . has yet to suggest that Booker is retroactively applicable to collateral proceedings, . . . [and], it is highly unlikely that any will.").  Since petitioner's case became final prior to Booker, the issue cannot be raised in a § 2255 petition.

**IV.**

Because petitioner is proceeding pro se, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by petitioner.  United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991).  The Court has no inherent power to correct an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure.  United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court finds no basis for authority to reduce or vacate the sentence in this case and no procedural mechanism to preserve an argument before it is recognized by the Supreme Court as

retroactive.  See Avila v. United States, Case No. 2:05-cv-266-FTM-29DNF, 2005 WL 3467670, *3-5 (M.D. Fla. Dec. 19, 2005).[4]

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Petitioner's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) is **DISMISSED.**

2.  The Clerk shall enter judgment in the civil case accordingly, and close the file.  The Clerk shall file a certified copy of the judgment in the associated criminal case.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of April, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of Record

---

[4]Slip Copy attached.